Filed 6/6/14  P. v. Hicks CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059671 |
| v. | (Super.Ct.No. FWV1301639) |
| SEAN DARYL HICKS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stanford E. Reichert, Judge.  Affirmed.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Sean Daryl Hicks was charged by information with transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a), count 1) and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count

1

2).  It was also alleged that he had suffered a prior conviction of Health & Safety Code section 11378, within the meaning of Health & Safety Code section 11370.2, subdivision (c), and that he had served one prior prison term (Pen. Code, § 667.5, subd. (b)). Defendant filed a motion to suppress evidence.  (Pen. Code, § 1538.5.)  Following a hearing, the trial court denied the motion.  The information was subsequently amended to add a count 3 for possession of a controlled substance for sale.  (Health & Saf. Code, § 11378.)  Pursuant to a plea agreement, defendant pled no contest to count 3 and admitted the allegation that he had previously been convicted of Health & Safety Code section 11378.  In exchange, the court dismissed counts 1 and 2 and struck the prison prior.  The court sentenced defendant to four years and four months in county prison and awarded 206 days of presentence custody credits.

Defendant filed a timely notice of appeal.  We affirm.

### FACTUAL BACKGROUND

The following facts are taken from the suppression motion hearing transcript: Officer James Mikkelsen was on patrol at 11:00 p.m. on May 11, 2013, when he saw defendant's truck leave a motel parking lot.  The truck's windows appeared to be illegally tinted, so he conducted a traffic stop at 11:09 p.m.  Officer Mikkelsen contacted the driver of the truck, defendant, and asked for his driver's license, registration, and proof of insurance.  Defendant said he did not have any insurance.  Officer Mikkelsen noted this lack of insurance as another violation of the Vehicle Code.  He asked defendant to exit the vehicle and asked if defendant had ever been arrested before.  Defendant said he had

2

been arrested "for drugs."  Officer Mikkelsen knew the motel that defendant just came from was a known narcotics location.  Because of this knowledge and defendant's past arrest for drugs, Officer Mikkelsen requested Officer Zachary McWaters to respond to the scene with his drug-detecting K-9.  The request was made at approximately 11:14 p.m.  Officer McWaters had to go to another call first and said he would come after that.  Officer Mikkelsen then began writing defendant's traffic citations.  Officer McWaters arrived at the scene at 11:33 p.m.  Defendant gave Officer McWaters permission to have his dog sniff the exterior of the car.  The dog detected an odor of narcotics at the driver's side door.  Officer McWaters opened the driver's door and allowed the dog to go inside to sniff.  The dog indicated a smell in between the front seats.  Officer Mikkelsen searched under the passenger seat and found a bag that contained a glass pipe, a digital scale, and a plastic baggie containing a substance that was later determined to be methamphetamine.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potential arguable issues:  1) whether defendant waived his right to appeal his suppression motion, even though the court did not advise him of the appellate waiver; and 2) whether the court erred in denying the motion to suppress, since the police

3

officer unnecessarily prolonged a traffic stop without reasonable suspicion. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

RICHLI _____

J.

MILLER _____

J.

4